**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Jason Kyle Masanque (SBN 351792)
jasonm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Phone: (415) 534-1911
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE PENN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 to 100, inclusive<br><br>    Defendants. | **CASE NO:**<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>**(1) FAILURE TO PAY FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1194.2, 1198);**<br>**(2) FAILURE TO PROVIDE PAID REST BREAKS AND PAY MISSED REST BREAK PREMIUMS (LABOR CODE §§ 226.7; IWC WAGE ORDER NO. 9);**<br>**(3) FAILURE TO PROVIDE MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9);**<br>**(4) FAILURE TO PAY ALL WAGES OWED IN A TIMELY MANNER (LABOR CODE §204);**<br>**(5) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.3);**<br>**(6) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);**<br>**(7) FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR CODE §§ 510, 1194, 1194.2, 1198, AND WAGE ORDER NO. 9);**<br>**(8) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); AND**<br>**(9) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.** |

**DEMAND FOR JURY TRIAL**

Plaintiff Lee Penn ("Plaintiff"), on behalf of himself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

## OVERVIEW OF CLAIMS

1.     Plaintiff brings this action, individually and on behalf of all others similarly situated, as a class action and on behalf of the California general public, against Defendants SkyWest Airlines, Inc. ("Defendant"), and DOES 1 to 100 (collectively "Defendants") for their (1) failure to pay Plaintiff and his fellow employees in California for all hours worked; (2) failure to provide Plaintiff and his fellow employees paid rest breaks and pay rest break premiums; (3) failure to provide Plaintiff and his fellow employees meal periods and pay missed meal period premiums; (4) failure to pay all wages owed in a timely manner; (5) failure to provide complete wage statements to Plaintiff and his fellow employees within the four years prior to the filing of this Complaint; (6) failure to pay all wages due to former employees based on the foregoing; (7) failure to pay overtime wages to Plaintiff and his fellow employees; (8) failure to reimburse Plaintiff and his fellow employees for business expenses; and (9) unfair business practices based on the foregoing.  As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.     The "Class Period" is designated as the period from four years prior to the filing of this Complaint trough the trial date. Defendants' violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period.

## VENUE

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b).  Defendant runs a "Crew Domicile" and "Maintenance Base" at the Fresno Yosemite International Airport, which is in the Eastern District of California. The acts alleged herein occurred in Fresno County.  Venue is therefore proper in the U.S. District Court for the Eastern District of California.

1

**JURISDICTION**

2      4.      Defendants are within the jurisdiction of this Court.  Defendants transact millions of

3   dollars as a leading regional airline throughout the country. They contract with ramp agents, such

4   as Plaintiff, to provide services to their customers. They operate in various locations throughout

5   the country, including in the State of California and the County of Fresno.  Thus, Defendants have

6   obtained the benefits of the laws of the State of California.

7      5.      Further, this Court has subject-matter jurisdiction and removal jurisdiction pursuant

8   to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and

9   1453.  This Court has original subject-matter jurisdiction over this action under CAFA because (i)

10   the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs; (ii) this

11   matter is a purported class action in which a class member is a citizen of a State different from that

12   of a Defendant; and (iii) the number of putative class members is greater than 100.

13

**THE PARTIES**

14   **A.      The Plaintiff**

15      6.      Plaintiff is a California resident and, from April 2019 to December 10, 2024, was

16   employed by Defendants as a ramp agent.  At all relevant times, Plaintiff was hired to provide

17   services to Defendants' customers. At all relevant times through the present, and on-going,

18   Defendants' employees, including Plaintiff during his and their employment, were not paid by

19   Defendants for all hours worked; did not receive premium payments for having been provided only

20   unpaid rest periods; were not provided timely duty free meal breaks or paid missed meal break

21   premiums; were not provided accurate and/or complete wage statements; were not paid all wages

22   owed within seven days of the close of payroll; did not receive all of their wages due upon

23   termination of employment; were not reimbursed for their business expenses; and did not receive

24   their overtime wages.

25      7.      Plaintiff  also seeks to represent the following classes:

26          a.   all individuals who are or were employed by Defendants or their predecessor or

27              merged entities in California as hourly, non-exempt ramp agents, who  were not

28

1    provided with meal periods during the Class Period ("meal period class
2    members");

3    b.  all individuals who are or were employed by Defendants or their predecessor or
4        merged entities in California as hourly, non-exempt ramp agents, who worked
5        shifts in excess of three and a half hours during the Class Period ("rest period
6        class members");

7    c.  all individuals who are or were employed by Defendants, or their predecessor
8        or merged entities in California as hourly, non-exempt ramp agents, who did
9        not receive proper wage statements during the Class Period ("wage statement
10       class members");

11   d.  all individuals who are or were employed by Defendants, or their predecessor
12       or merged entities in California as hourly, non-exempt ramp agents, who work
13       or worked in excess of eight hours in a day or forty hours in a workweek during
14       the Class Period ("overtime class members");

15   e.  all individuals who are or where employed by Defendants or their predecessor
16       or merged entities in California as hourly, non-exempt ramp agents, and who
17       were not reimbursed for their business expenses during the Class Period,
18       ("unreimbursed business expenses class");

19   f.  all individuals who are or where employed by Defendants or their predecessor
20       or merged entities in California as hourly, non-exempt ramp agents, and who
21       were paid more than seven days after the close of payroll during the Class
22       Period, ("late payment class"); and

23   g.  all individuals who are or were employed by Defendants or their predecessor or
24       merged entities in California as hourly, non-exempt ramp agents, who were not
25       paid their wages at the time of termination or within seventy-two (72) hours of
26       their resignation and have not been paid those sums for thirty (30) days
27       thereafter, during the Class Period ("waiting time class").

28

(Collectively referred to as "Class Members" and/or the "Class").

**B.     The Defendants**

8.     Defendant SkyWest Airlines, Inc. is a Utah corporation based in St. George, Utah. It is a leading regional airline throughout the country.  To provide their services to their customers, Defendants employ ramp agents such as the Plaintiff and the Class Members.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

11.     California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

12.     California law also permits and recognizes the piercing of a corporate veil between sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th

1   107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule

2   applies where "there are two or more personalities, there is but one enterprise; and that this

3   enterprise has been so handled that it should respond, as a whole, for the debts of certain

4   component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

## FACTUAL ALLEGATIONS

6       13.    Plaintiff and the Class are and were employed by SkyWest Airlines, Inc., a Utah

7   corporation based in St. George, Utah.  It is a leading regional airline throughout the country.

8       14.    From April 2019 to December 10, 2024, Plaintiff was hired by Defendants as a

9   ramp agent and paid a salary of $19 per hour.

10      15.    Around several minutes each day, Plaintiff and the Class are required by

11  Defendants to wear protective equipment before they clock in for their shifts and Plaintiff and the

12  Class can only remove these protective equipment after clocking out for their shifts. While they

13  had to perform work-related tasks, Defendants refused to compensate Plaintiff and the Class for

14  these off-the-clock work done beyond 40 hours per week.

15      16.    Plaintiff and the Class are also not given legally compliant meal and rest periods.

16  Defendants required Plaintiff and the Class to remain on-duty and/or are expected to be on-call

17  even during their breaks. The breaks of Plaintiff and the Class would depend on the scheduled

18  arrivals and departures of the planes. As a result, Plaintiff and the Class's meal and rest periods

19  were constantly interrupted or were not taken at all.

20      17.    Plaintiff and the Class were also required to use their personal cellphones to make

21  and receive business-related calls and messages. Despite spending for all these work-related

22  expenses, Defendants did not reimburse Plaintiff and the Class's business expenses.

23      18.    Labor Code § 1197 states the California requirement that employees must be paid at

24  least the minimum wage fixed by the Commission, and any payment of less than the minimum

25  wage is unlawful.

26      19.    Labor Code § 1194 entitles "any employee receiving less than the legal minimum

27  wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage."

28

20.    IWC Wage Order 9-2001 § 4 also obligates employers to pay each employee minimum wages for all hours worked.

21.    As noted above, around several minutes each day, Plaintiff and the Class are required by Defendants to wear protective equipment before they clock in for their shifts and Plaintiff and the Class can only remove these protective equipment after clocking out for their shifts. While they had to perform work-related tasks, Defendants refused to compensate Plaintiff and the Class for these off-the-clock work done beyond 40 hours per week.

22.    Plaintiff and the Class are also not given legally compliant meal and rest periods. Defendants required Plaintiff and the Class to remain on-duty and/or are expected to be on-call even during their breaks. The breaks of Plaintiff and the Class would depend on the scheduled arrivals and departures of the planes. As a result, Plaintiff and the Class's meal and rest periods were constantly interrupted or were not taken at all. However, Plaintiff and the Class Members are not paid for these times even if they are already performing tasks related to their jobs and are required to be on-duty.  As a result, Plaintiff and the Class Members are not compensated for all hours worked.

23.    In 2018, the California Supreme Court held in *Troester v. Starbucks, Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work, even if that amount of time, as here, is limited to a few minutes per day. Thus, by not compensating Plaintiff and the Class Members for the time spent doing tasks off the clock and their meal and rest periods while they are on-duty, Defendant has violated the Labor Code and the Wage Order.

24.    Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and the Class Members are not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under

§ 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and all Class Members with compensation for all hours worked, including overtime hours, each are entitled to recover liquidated damages under Labor Code § 1194.2. Based upon these same factual allegations, Plaintiff also seeks penalties on behalf of all Class Members penalties under Labor Code § 1199.

26.    Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the first five hours of work.  "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.)  The written agreement must include a provision allowing the employee to revoke it at any time. *Id.*

26.    Generally, the DLSE and courts have "found that the nature of the work exception applies: '(1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (Id. at p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (Id. at p. 947; *Benton, supra*, 220 Cal. App. 4th at p. 729.

27.    As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable."  The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are

required—*it has violated the wage order and is liable*.    *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

28.    As a result of its meal period policies requiring Plaintiff and the Class Members to remain on-duty and/or on-call during meal periods, Defendant violated Labor Code § 512 and IWC Wage Order No. 9 by failing to provide duty-free meal periods to Plaintiff and the Class Members of 30 minutes or more.

29.    Thus, Defendant unlawfully retained control of Plaintiff and the Class Members during their meal periods, even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the Class Members did not receive duty-free thirty-minute meal periods within the first five (5) hours of their work.  Defendant also failed to pay Plaintiff and the Class Members meal period premiums for each workday that the employees did not receive a compliant meal period.

30.    Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order 9-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order 9-2001 further obligates employers to provide an employee to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Accordingly, for each day that Plaintiff and the Class Members did not receive compliant meal periods, they are entitled to receive meal period premiums pursuant to Labor Code § 226.7 and Wage Order 9-2001.

31.    Pursuant to Labor Code § 226.7, and Wage Order 9-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four hours worked.

32.     Labor Code § 226. 7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC")." Under IWC Wage Order 9-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked.

33.     Defendant failed to implement a lawful rest period policy that informed Plaintiff and the Class Members of their right to receive lawful rest periods for shifts greater than 3.5 hours. Specifically, Plaintiff and the Class Members were required to take on-duty rest periods. To the extent that Plaintiff and the Class Members could stop work during their shifts, they were nonetheless on-call to their supervisors, and were not provided with duty-free rest periods. See *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257 (2016) (holding that on-duty rest breaks violate California law).

34.     Pursuant to Labor Code § 226.7 and Wage Order 9-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.

35.     The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not-if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required-***it has violated the wage order and is liable***. *Brinker Rest. Corp. v. Sup. Ct.*, supra, 53 Cal.4th at 1033. (Emphasis added.)

36.     Since Defendant did not offer employees the opportunity to receive a compliant off-duty ten-minute rest periods, "the court may not conclude employees voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care*, (2015) 241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker Rest. Corp. v. Sup. Ct.*, *supra*, 53 Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but

1    never authorized; if a break is not authorized, an employee has no opportunity to decline to take

2    it.").

3        37.    Even an employer who maintains an otherwise compliant rest period policy,

4    "reminded their employees of their availability-and the importance-of taking breaks on a daily

5    basis, and even went so far as to conduct regular audits to ensure that employees were being offered

6    rest breaks" will still be liable for rest period violations if the employees were not separately or

7    properly compensated for the non-productive time associated with rest periods under a piece-rate

8    compensation system. *Amaro v. Gerawan Farming, Inc.,* 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal.

9    May 19, 2016) aff'd *Amaro v. Gerawan*, 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at *

10   11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th Cir. (9th Cir. Nov. 16, 2016).

11       38.    In addition, Plaintiff and the Class Members were not compensated with one (1)

12   hours' worth of pay at their regular rate of compensation when they were not provided with a

13   compliant rest period.

14       39.    Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in

15   any employment are due and payable twice during each calendar month, on days designated in

16   advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these

17   requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly

18   payroll if the wages are paid not more than seven calendar days following the close of the payroll

19   period.

20       40.    Due to Defendant's failure to pay Plaintiff and the Class Members for all rest and

21   meal period premiums, overtime,  and all hours worked, Defendant failed to timely pay the Class

22   Members within seven (7) days of the close of the payroll period in accordance with Labor Code §

23   204 on a regular and consistent basis. See *Parson v. Golden State FC, LLC*, 2016 U.S. Dist.

24   LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after Ling that a

25   failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

26       41.    Labor Code § 210 provides that "in addition to, an entirely independent and apart

27   from, any other penalty provided in this article, every person who fails to pay the wages of each

28

employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the Class Members are entitled to recover penalties under Labor Code § 210.

42.     As a result of Defendant's failure to pay wages to Plaintiff and the Class Members, for all hours worked, overtime, meal period minimum wages, and meal/rest period premiums, Defendant violated Labor Code § 203.  Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days.  Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

43.     Due to Defendant's faulty policies described above, all Class Members whose employment with Defendant concluded were not compensated at the appropriate rate. Additionally, Defendant has failed to pay all Class Members for all hours worked, overtime, meal period premiums, and rest period premiums, whose sums were certain, at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

44.     As to Plaintiff and all Class Members, Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, 9). Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

> (1) gross wages earned;
> (2) total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
> (5) net wages earned;
> (6) the inclusive dates of the period for which the employee is paid;
> (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a

social security number;

(8) the name and address of the legal entity that is the employer…;

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

45.    Similarly, Labor Code § 226(e) provides:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

46.    Due to Defendant's failure to provide Plaintiff and the Class Members lawful meal and rest periods (and pay missed rest period premiums), the wage statements issued by Defendant do not indicate the correct amount of gross wages earned, the correct total hours worked, the correct net wages earned, or the applicable and/or correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code §

226(a)(1), (2), (5) and (9).

47.     Thus, Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff and the Class Members.

48.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and the Class Members with accurate itemized wage statements. Accordingly, Plaintiff and the Class Members may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). See *Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D. Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated by § 226(a) may trigger civil penalties.").

49.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff and the overtime class members could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

50.     Around several minutes each day, Plaintiff and the Class are required by Defendants to wear protective equipment before they clock in for their shifts and Plaintiff and the

Class can only remove these protective equipment after clocking out for their shifts. While they had to perform work-related tasks, Defendants refused to compensate Plaintiff and the Class for these off-the-clock work done beyond 40 hours per week.

51.     In addition, as stated above, Plaintiff and the Class worked certain hours for which they were not paid (on duty meal and rest periods). This time amounts and amounted to up to several minutes per day. Because Plaintiff and the Class spent eight hours or more working on "compensated" time, this uncompensated time for mandatory activities done off the clock should have been compensated at the overtime rate.  Instead, no compensation was paid at all, in violation of Cal. Labor Code §§ 510, 1194, and Wage Order 9-2001.  Plaintiff is an aggrieved employee for purposes of seeking penalties under PAGA.

52.     Plaintiff and the Class were also required to use their personal cellphones to make and receive business-related calls and messages. Despite spending for all these work-related expenses, Defendants did not reimburse Plaintiff and the Class's business expenses.

53.     Cal. Labor Code §2802 (a) provides that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

54.     Thus, employees such as Plaintiff and the Class, are entitled to reimbursement for the expenses they incur during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own, and would be required to pay for anyway. *Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal. App. 4th 1137, 1144 ("The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee.") After all, the purpose of 2802 is to "prevent employers

1  from passing along their operating expenses onto their employees." *Gattuso v. Harte-Hanks*

2  *Shoppers, Inc.*, (2007) 42 Cal. 4th 554, 562.

3      55.    Here, Defendants did not have a reimbursement policy for Plaintiff and the Class

4  for their reasonable and necessary business expenses. Thus, it is clear that not only did Plaintiff

5  and the Class incur expenses as a result of their employment, but that Defendants had a

6  constructive knowledge of those expenses, and anticipating them, informed Plaintiff and the Class

7  that it would not provide any reimbursement. Therefore, Plaintiff is an aggrieved employee within

8  the meaning of PAGA and Defendants have violated § 2802 with respect to Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

10      56.    Plaintiff bring this action, on behalf of himself and all others similarly situated, as a

11  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.   Plaintiff seeks to

12  represent the following classes:

13          a.  all individuals who are or were employed by Defendants or their predecessor or

14              merged entities in California as hourly, non-exempt ramp agents, who  were not

15              provided with meal periods during the Class Period ("meal period class

16              members");

17          b.  all individuals who are or were employed by Defendants or their predecessor or

18              merged entities in California as hourly, non-exempt ramp agents, who worked

19              shifts in excess of three and a half hours during the Class Period ("rest period

20              class members");

21          c.  all individuals who are or were employed by Defendants, or their predecessor

22              or merged entities in California as hourly, non-exempt ramp agents, who did

23              not receive proper wage statements during the Class Period ("wage statement

24              class members");

25          d.  all individuals who are or were employed by Defendants, or their predecessor

26              or merged entities in California as hourly, non-exempt ramp agents, who work

27              or worked in excess of eight hours in a day or forty hours in a workweek during

28

the Class Period ("overtime class members");

    e.   all individuals who are or where employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt ramp agents, and who were not reimbursed for their business expenses during the Class Period, ("unreimbursed business expenses class");

    f.   all individuals who are or where employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt ramp agents, and who were paid more than seven days after the close of payroll during the Class Period, ("late payment class"); and

    g.   all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt ramp agents, who were not paid their wages at the time of termination or within seventy-two (72) hours of their resignation and have not been paid those sums for thirty (30) days thereafter, during the Class Period ("waiting time class").

57.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

    a.   <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members in California.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

    b.   <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i. Whether Defendants violated sections 1194, 1194.2, and 1198 of the Labor Code by failing to pay Plaintiff and the members of the Class for all hours worked during the Class Period;

ii. Whether Defendants violated Section 12 of IWC Wage Order No. 9 by failing to provide paid rest periods to Plaintiff and the members of the Class in California during the Class Period;

iii. Whether Defendants violated Labor Code section 226.7 by failing to provide one hour of premium pay to each member of the Class for each day that a paid rest period was not provided in California during the Class Period;

iv. Whether Defendants violated Labor Code sections 512 and 226.7, and section 11 of IWC Wage Order No. 9 by failing to pay one hour of premium pay to each member of the Class for each day that an unpaid meal break was not provided during the Class Period;

v. Whether Defendants violated Labor Code sections 204 and 210 by failing to pay Plaintiff and the Class Members all wages owed with seven days of the close of payroll;

vi. Whether Defendants violated Section 203 of the Labor Code by failing to pay members of the Waiting Time Penalty Subclass (those class members who have terminated their employment with the Defendants) for all wages due to them (including their pay due for unpaid rest breaks and the other Nonproductive times) upon their separation of employment from Defendant;

vii. Whether Defendants failed to provide Plaintiff and the Class Members complete wage statements in violation of Labor Code Section 226(a);

viii. Whether Defendants violated Sections 510, 1194, 1194.2, and 1198 of the Labor Code and IWC Wage Order No. 9 during the Class Period by failing to pay Plaintiff and the Class Members all overtime wages owed;

ix. Whether Defendants violated 2802 of the Labor Code and section 17203 of the California Business and Professions Code during the Class Period by failing to reimburse Plaintiff and the Class Members for their work-related expenses including cellphone expenses and other expenses;

x. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all hours worked during the Class Period;

xi. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide paid rest breaks to members of the Class in violation of Labor Code section 226.7 and Section 12 of IWC Wage Order No. 9;

xii. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide off-duty meal breaks to members of the Class in violation of Labor Code sections 512, 226.7 and Section 11 of IWC Wage Order No. 9;

xiii. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all wages and overtimes wages owed during the Class Period;

xiv. Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

xv. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xvi. The nature and extent of class-wide damages.

c. Typicality: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

d. Adequacy of Representation: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, and other

1   employment class actions, and will devote sufficient time and resources to the case and otherwise

2   adequately represent the Class and Class Members.

3          e.     Superiority of Class Action:  A class action is superior to other available

4   means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

5   Members is not practicable, and questions of law and fact common to the Class predominate over

6   any questions affecting only individual members of the Class.  Each Class Member has been

7   damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or

8   practices.  Certification of this case as a class action will allow those similarly situated persons to

9   litigate their claims in the manner that is most efficient and economical for the parties and the

10  judicial system.  Certifying this case as a class action is superior because it allows for efficient and

11  full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful

12  compensation and non-reimbursement policies and will thereby effectuate California's strong

13  public policy of protecting employees from deprivation or offsetting of compensation earned in

14  their employment.  If this action is not certified as a Class Action, it will be impossible as a

15  practical matter, for many or most Class Members to bring individual actions to recover monies

16  unlawfully withheld from their lawful compensation due from Defendants, due to the relatively

17  small amounts of such individual recoveries relative to the costs and burdens of litigation.

18                          **FIRST CAUSE OF ACTION**
                    **FAILURE TO PAY FOR ALL HOURS WORKED**
19                  **[Cal. Labor Code §§ 1194; 1194.2, and 1198]**
                    **On behalf of Plaintiff and the Class Against All Defendants**
20

21  58.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

22  in the preceding paragraphs.

23  59.    Section 1194 of the Labor Code provides, in relevant part:

24          Notwithstanding any agreement to work for a lesser wage, any employee
            receiving less than minimum wage…applicable to the employee is entitled
25          to recover in a civil action the unpaid balance of the full amount of this
            minimum wage …, including interest thereon, reasonable attorney's fees,
26          and costs of suit.

27  60.    Section 1194.2 of the Labor Code provides, in relevant part:

28          In any action under…Section 1194 to recover wages because of the

payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

61.     As set forth above, during the Class Period, although Plaintiff and the Class Members were required to wear and remove their protective equipment off the clock and to take their rest and meal periods on-duty in violation of Labor Code § 1194.

62.     Accordingly, during the Class Period, Plaintiff and the members of the Class did not receive minimum wage for their on-duty rest and meal periods and off the clock work.

63.     Pursuant to sections 1194, 1194.2, and 1198 of the California Labor Code, Plaintiff and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for unpaid work hours.

64.     Pursuant to section 1194.2 of the Labor Code, Plaintiff and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID REST PERIODS TO**
**AND PAY MISSED REST BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 9]**
**On behalf of Plaintiff and the Class Against All Defendants**

65.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     Section 12 of IWC Wage Order No. 9 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (Emphasis added).

67.     California Labor Code § 226.7(a) provides, "No employer shall require any

employee to work during any meal or rest period mandated by an applicable order of the Industrial

Welfare Commission."

68.    As alleged herein,  Plaintiff and the Class Members were required to take on-duty

rest periods. By failing to provide its employees paid rest periods of 10 minutes for each 4 hours of

work, Defendants violated California Labor Code § 226.7, and are liable to Plaintiff and the Class.

69.    As a result of the unlawful acts of Defendants, Plaintiff and the Class were not

provided paid rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount

of one additional hour of pay at the employee's regular rate of compensation for each work period

during each day in which Defendants failed to provide employees with paid rest periods as

required by California law.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE**
**TO PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512]**
**On behalf of Plaintiff and the Class Against All Defendants**

70.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

in the preceding paragraphs.

71.    California Labor Code § 226.7(a) provides, "No employer shall require any

employee to work during any meal or rest period mandated by an applicable order of the Industrial

Welfare Commission.

72.    Section 11(A) and (B) of IWC Wage Order No. 9 provide that:

> "No employer shall employ any person for a work period of more than five
> (5) hours without a meal period of not less than 30 minutes, except that
> when a work period of not more than six (6) hours will complete the day's
> work the meal period may be waived by mutual consent of the employer
> and the employee…An employer may not employ an employee for a work
> period of more than ten (10) hours per day without providing the employee
> with a second meal period of not less than 30 minutes, except that if the
> total hours worked is no more than 12 hours, the second meal period may
> be waived by mutual consent of the employer and the employee only if the
> first meal period was not waived.

73.    Section 11(C) of IWC Wage Order No. 9 provides that

> Unless the employee is relieved of all duty during a 30-minute meal
> period, the meal period shall be considered an on-duty meal period and

counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

74.    Finally, Section 11(D) of IWC Wage Order No. 9 provides that

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75.    As alleged herein by requiring Plaintiff and the Class Members to have on-duty meal periods, and by failing to provide them with duty-free timely 30-minute meal breaks, for work greater than 5 hours in length, Defendants violated California Labor Code § 226.7 and IWC Wage Order No. 9, and are liable to Plaintiff and the Class.

76.    As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided timely duty-free meal breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period greater than 5 hours in California during each day in which Defendants failed to provide employees with timely duty-free meal periods as required by California law.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER**
**[Cal. Labor Code §§ 204]**
**On behalf of Plaintiff, and the Class Against All Defendants**

77.    Plaintiff incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

78.    Cal. Lab. Code §200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

79.    Cal. Labor Code §204 states that all wages earned by any person in any employment are payable twice during the calendar month, and must be paid not more than seven days following the close of the period when the wages were earned.

80.   Cal. Lab. Code §216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

81.   Defendants, as a matter of established company policy and procedure, in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and other members of the Class, to work during payperiods, and not compensate them for their work within seven days of the close of payroll.

82.   In addition, Defendants, as a matter of established company policy and procedure in the State of California, scheduled, required, suffered and/or permitted Plaintiff and the members of the Class, to work without compensation, work without legally compliant off-duty meal periods and rest periods, and failed to pay Plaintiff and the members of the Class, for their hours worked, meal period premiums, and rest period premiums within seven days of the close of payroll, as required by law.

83.   Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

84.   Defendants' pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and members of the Class, to recover, pursuant to Cal. Lab. Code §218, the unpaid balance of the compensation owed to them in a civil action.

85.   Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§3287 (b) and 3289, Plaintiff and members of the Class, seek to recover pre-judgment interest on all amounts recovered herein.

86.   Pursuant to Cal. Lab. Code §218.5, Plaintiff and members of the Class, request that

1   the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as

2   well as any statutory penalties Defendants may owe under the California Labor Code and/or any

3   other statute.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
**[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants**

7       87.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

8   in the preceding paragraphs.

9       88.    The actionable period for this cause of action is one year prior to the filing of this

10   Complaint through the present, and on-going until the violations are corrected or the subclass is

11   certified.

12       89.    Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

90.    As set forth above, during the Class Period, due to its unlawful rest and meal period policies, Defendants failed to issue wage statements to its employees in California, including Plaintiff, that complied with Labor Code Section 226(a).

91.    Defendants' "wage statements" failed to comply with either section 226 or 226.2. First, Defendants failed to identify themselves as the employer. Second, Defendants' "wage statements" also did not include total hours worked, the total amount of time spent on rest periods

& other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

92.    Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

93.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**WAITING TIME PENALTIES FOR**
**FAILURE TO PAY WAGES DUE ON TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants**

94.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

95.    The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected, or the subclass is certified.

96.    Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in the Class during the actionable period for this cause of action, at or around the time that their employment is terminated.

97.    Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty

(30) work days.

98.     By virtue of its unlawful meal and rest period policies, Defendants willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Subclass (i.e., those members of the Class whose employment with Defendants ended the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

99.     As a result, Defendants are liable to Plaintiff and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY ALL OVERTIME WAGES**
**(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of IWC Wage Order No. 9)**
**By Plaintiff and the Overtime Class Against All Defendants**

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

101.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

102.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

103.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

104.    The IWC Wage Order 9-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

105.    In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

106.    Plaintiff and members of the Overtime Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants. Defendants required Plaintiff and the class members to wear and remove their protective equipment off the clock. This time amounts and amounted to a few minutes per day.  Plaintiff and members of the Overtime Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the seventh day of work, at the applicable overtime rate during their employment with Defendants.

107.    Defendants failed to pay Plaintiff and members of the Overtime Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

108.    Plaintiff and members of the Overtime Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof

at trial and within the jurisdictional limitations of this Court.

109.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**[Cal. Labor Code § 2802]**
**On Behalf of Plaintiff and the Class against All Defendants**

110.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

111.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

112.    By virtue of its requirement for Plaintiff and the Class to use their personal mobile phones to make and receive work-related calls and messages, Defendants failed to reimburse Plaintiff and the Class for their business-related expenses that were necessary to perform their job, including their phone charges.

113.    As a result, Plaintiff and the Class incurred hundreds of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus interest.

114.    Defendants' failure to pay for or reimburse the work-related business expenses of Plaintiff and the Class violated non-waivable rights secured to Plaintiff and the Class by Labor Code § 2802.  *See* Labor Code §2804. Plaintiff and the Class are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802(c).

## NINTH CAUSE OF ACTION
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class Against All Defendants**

115.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

1    116.    Section 17200 of the California Business & Professions Code prohibits any

2    unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows

3    "any person who has suffered injury in fact and has lost money or property" to prosecute a civil

4    action for violation of the UCL.  Such a person may bring such an action on behalf of himself and

5    others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

6    117.    Under section 17208 of the California Business and Professions Code, the statute of

7    limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for

8    this cause of action is four years prior to the filing of this Complaint through the present, and on-

9    going until the violations are corrected, or the Class is certified.

10    118.    Section 90.5(a) of the Labor Code states that it is the public policy of California to

11    enforce vigorously minimum labor standards in order to ensure employees are not required to work

12    under substandard and unlawful conditions, and to protect employers who comply with the law

13    from those who attempt to gain competitive advantage at the expense of their workers by failing to

14    comply with minimum labor standards.

15    119.    As a direct and proximate result of Defendants' unlawful business practices,

16    Plaintiff and the Class Members have suffered economic injuries.  Defendants have profited from

17    its unlawful, unfair, and/or fraudulent acts and practices.

18    120.    Plaintiff and similarly situated Class Members are entitled to monetary relief

19    pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal

20    and rest period premiums, due and interest thereon, from at least four years prior to the filing of

21    this complaint through to the date of such restitution, at rates specified by law.  Defendants should

22    be required to disgorge all the profits and gains it has reaped and restore such profits and gains to

23    Plaintiff and Class Members, from whom they were unlawfully taken.

24    121.    Through its actions alleged herein, Defendants have engaged in unfair competition

25    within the meaning of section 17200 of the California Business & Professions Code, because

26    Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by

27    wrongfully denying them wages due for all hours worked and overtime, and wrongfully denying

28

them missed meal and rest period premiums, and therefore was substantially injurious to Plaintiff and the Class Members.

122.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198,  1199, 2802, as well as IWC Wage Order No. 9-2001.

123.    Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

124.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

125.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California.  Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

## JURY DEMAND

126.    Plaintiff hereby demands trial by jury of his and the Class's claims against Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1.    An Order than this action may proceed and be maintained as a class action;

2.    On the First Cause of Action:

a.      A declaratory judgment that Defendants violated sections 1194, 1194.2, and 1198 of the California Labor Code by failing to pay Plaintiff and other members of the Class hourly and separately for their time spent on statutory rest periods and the Nonproductive times during the class period;

b.      An award to Plaintiff and other members of the Class in the amount of their unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or liquidated damages during the class period;

c.      An award to Plaintiff and the other members of the Class in the amount of their unpaid wages owed to them for their time spent on the other non-productive tasks during the class period, plus interest; and/or liquidated damages;

d.      An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

3.    On the Second Cause of Action:

a.      A declaratory judgment that Defendants violated California Labor Code § 226.7, and Section 12 of IWC Wage Order No. 9-2001;

b.      Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a paid rest period was not provided during the Class Period;

4.    On the Third Cause of Action

a.      A declaratory judgment that Defendants violated California Labor Code §§ 226.7 and 512, and Section 11 of IWC Wage Order No. 9-2001;

b.      Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that an off-duty meal period was not provided during the Class Period;

5.    On the Fourth Cause of Action

a.      A declaratory judgment that Defendants violated California Labor Code

1    §204 by paying Plaintiff, and the Class more than seven days after the close of payroll.

2          b.    For compensatory damages, including lost wages, bonuses, and other losses,

3    according to proof,

4          c.    For general damages, according to proof;

5          d.    For an award of interest, including prejudgment interest at the legal rate;

6          e.    For statutory damages, including reasonable attorneys' fees and costs of

7    suit.

8          6.    On the Fifth Cause of Action:

9          a.    A declaratory judgment that Defendants violated California Labor Code

10   §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours

11   worked and all applicable hourly rates in effect during the pay period and the corresponding

12   number of hours worked at each hourly rate to Plaintiff and the wage statement and penalty

13   subclass members;

14         b.    An award to Plaintiff and Class Members of $50 for each initial pay period,

15   one year prior to the filing of this Complaint through the date of trial, in which a violation of

16   Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this

17   Complaint through the date of trial,  in which a violation of Section 226 occurred, not to exceed

18   $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees,

19   pursuant to Labor Code § 226(e).

20         7.    On the Sixth Cause of Action:

21         a.    A declaratory judgment that Defendants violated California Labor Code §§

22   201 through 203;

23         b.    Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and

24   the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days'

25   wages per waiting time penalty subclass Class Member.

26         8.    On the Seventh Cause of Action:

27         a.    A declaratory judgment that Defendants violated sections 510, 1194, 1194.2

28

1  of the California Labor Code by failing to pay Plaintiff and other members of the Overtime Class

2  for all compensation for all hours worked in excess of eight hours in a day or forty hours in a

3  workweek at the proper overtime rate;

4            b.      An award to Plaintiff and the other members of the Overtime Class in the

5  amount of their unpaid overtime compensation owed to them plus interest; and/or liquidated

6  damages;

7            c.      An award to Plaintiff and the Overtime Class Members of their attorneys'

8  fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of

9  the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

10       9.    <u>On the Eighth Cause of Action</u>

11            a.      A declaratory judgement that Defendants violated Labor Code § 2802;

12            b.      Pursuant to 2802 (a)-(c), reimbursement for all the unreimbursed business-

13  related expenses including phone expenses, incurred by Plaintiff and the Class, plus interest and

14  attorney's fees.

15       10.    <u>On the Ninth Cause of Action</u>:

16            a.      That the Court find and declare that Defendants have violated the UCL and

17  committed unfair and unlawful business practices by failing to pay Plaintiff and Class Members on

18  a separate and hourly basis for their rest break time, overtime, and time spent on nonproductive

19  times, by failing to pay missed meal and rest break premiums;

20            a.      Restitution, including, but not limited to, the relief permitted by Labor Code

21  Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198,  1199,

22  2802, as well as IWC Wage Order No. 9-2001 (i.e., pay as specified for time spent on the

23  nonproductive times, and time spent on rest periods by Plaintiff and the members of the Class

24  during the Class Period), as well as a disgorgement of all profits associated with Defendants'

25  unlawful policies as described above;

26       11.    All other relief as this Court deems proper.

27

28

Dated: November 19, 2025                Respectfully,

                                        POTTER HANDY LLP.


                                        *James Treglio*
                                        _____

                                    By:  James M. Treglio
                                         Jason Kyle Masanque
                                         Counsel for Plaintiff and the Putative Class