UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE PENN, and ANNELISE SHERRILL individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SKYWEST AIRLINES, INC.,

Defendant.

Case No. 1:25-cv-01599-KES-HBK

ORDER REGARDING INTERIM CLASS COUNSEL

On May 22, 2026, the Court consolidated *Annelise Sherrill v. SkyWest Airlines, Inc.*, No. 2:25-cv-03709-TLN-DMC, with the first-filed action, *Lee Penn v. SkyWest Airlines, Inc.*, No. 1:25-CV-01599-KES-HBK. (Doc. 18). At the initial scheduling conference on September 17, 2026, counsel for Sherrill and Penn appeared.

The Court recognizes that these formerly separate actions have been consolidated and that efficient, nonduplicative pre-certification discovery and case management require a clear plaintiffs' leadership structure. Under Federal Rule of Civil Procedure 23(g)(3), the Court may designate interim counsel to act for a putative class before class certification. In deciding whether to do so, the Court considers the Rule 23(g)(1)(A) factors and any other matter pertinent to counsel's ability to fairly and adequately represent the class. See Fed. R. Civ. P. 23(g)(1)(A)–(B),

(g)(3). In consolidated actions involving overlapping putative classes, an interim leadership structure may clarify responsibility for protecting the putative class during precertification proceedings and promote efficient, nonduplicative litigation. *See* Fed. R. Civ. P. 23 advisory

Accordingly, IT IS ORDERED:

1. Within fourteen (14) days after entry of this Order, Plaintiffs' counsel shall meet and confer regarding a proposed interim leadership structure for the putative class.
2. If Plaintiffs' counsel reach an agreement, they shall file a joint submission within twenty-one (21) after entry of this Order identifying the proposed interim lead class counsel, interim co-lead class counsel, liaison counsel, or other appropriate structure. The submission shall identify each proposed counsel and describe the proposed allocation of responsibilities, including coordination of discovery, motion practice, communications with Defendant's counsel, settlement-related activity, and any other precertification matters.
3. If Plaintiffs' counsel do not reach an agreement, each attorney or law firm seeking appointment as interim class counsel shall file a submission by the deadline in Paragraph 2. Each submission shall address the factors in Rule 23(g)(1)(A), including (a) work performed in identifying or investigating potential claims; (b) experience handling class actions, other complex litigation, and the claims asserted here; (c) knowledge of applicable law; and (d) resources counsel will commit to representing the putative class. See Fed. R. Civ. P. 23(g)(1)(A)–(B).
4. Pending further order, Plaintiffs' counsel shall coordinate their activities to avoid duplicative discovery, inconsistent requests or positions, and unnecessary expense. Absent leave of Court, Defendant need not respond separately to substantively duplicative discovery requests or communications that could reasonably be presented through coordinated Plaintiffs' counsel.
5. Any designation of interim counsel will be without prejudice to the court's later appointment of class counsel under Rule 23(g)(1), should the Court certify a class.

////

6. Nothing in this order prevents counsel from protecting the interests of their individual clients or from raising a material conflict that requires separate representation.

Dated: September 18, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE